# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 15-92V
**Filed: November 17, 2015**

| | |
|---|---|
| \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*<br>LAURIE DART,<br><br>               Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH<br>AND HUMAN SERVICES,<br><br>               Respondent.<br><br>\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* | \*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\* | UNPUBLISHED<br><br>Special Master Gowen<br><br>Joint Stipulation on Damages and<br>Attorneys' Fees and Costs<br>Influenza ("Flu") Vaccine;<br>Transverse Myelitis. |

Diana Stadelnikas Sedar, Maglio, Christopher & Toale, PA, Sarasota, FL, for petitioner.
Adriana R. Teitel, United States Department of Justice, Washington, DC, for respondent.

### DECISION ON JOINT STIPULATION[1]

On January 30, 2015, Laurie Dart ("petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to -34 (2012). Petitioner alleged that as a result of receiving an influenza ("flu") vaccine on October 17, 2013, she developed transverse myelitis ("TM"). Stipulation for Award at ¶ 2, 4, docket no. 16, filed Nov. 12, 2015. Further, petitioner alleged that she experienced residual effects of her injury for more than six months. Id. at ¶ 4.

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)).  As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On November 12, 2015, the parties filed a stipulation in which they state that a decision should be entered awarding compensation. Respondent denies that the flu vaccination caused petitioner's TM or any other injury or condition. Id. at ¶ 6. Nevertheless, the parties agree to the joint stipulation, attached hereto as Appendix A. The undersigned finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

The parties also stipulate to an award of attorneys' fees and costs in a joint stipulation filed on November 16, 2015. The parties agree to a total award of attorneys' fees and costs in the amount of $11,500.00. Stipulation for Fees at ¶ 5, docket no. 17, filed Nov. 16, 2015. In accordance with General Order #9, petitioner represents that she did not personally incur costs related to this proceeding. Declaration, docket no. 18, filed Nov. 16, 2015. The undersigned finds the stipulation for fees and costs reasonable and adopts it as the decision of the Court.

The parties stipulate that petitioner shall receive the following compensation:

1) **A lump sum of $90,000.00, in the form of a check payable to petitioner, Laurie Dart. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).**

2) **A lump sum of $11,500.00, in the form of a check jointly payable to petitioner and to petitioner's attorney, Diana Stadelnikas Sedar of Maglio, Christopher & Toale, PA, pursuant to 42 U.S.C. § 300 aa-15(e), for attorneys' fees and costs.**

Id. at ¶ 8.

The undersigned approves the requested amount for petitioner's compensation and attorneys' fees and costs. Accordingly, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

                                                **s/ Thomas L. Gowen**
                                                Thomas L. Gowen
                                                Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| LAURIE DART,<br><br>                Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | No. 15-92V<br>Special Master Gowen<br>ECF |

### STIPULATION

The parties hereby stipulate to the following matters:

1. Petitioner Laurie Dart ("petitioner") filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of an influenza vaccine ("flu"), which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Petitioner received her flu immunization on October 17, 2013.

3. The vaccine was administered within the United States.

4. Petitioner alleges that she sustained a vaccine-related injury diagnosed as transverse myelitis ("TM") that was caused-in-fact by the flu vaccine. She further alleges that she experienced the residual effects of her injury for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages as a result of her condition.

6. Respondent denies that petitioner's alleged TM and residual effects were caused-in-fact by the flu vaccine. Respondent further denies that the flu vaccine caused petitioner any other injury or her current condition.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $90,000.00 in the form of a check payable to petitioner. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and her attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

11. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs and past unreimbursable expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. In return for the payments described in paragraphs 8 and 9, petitioner, in her individual capacity, and on behalf of her heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the flu vaccination administered on October 17, 2013, as alleged by petitioner in a petition for vaccine compensation filed on January 30, 2015, in the United States Court of Federal Claims as petition No. 15-92V.

14. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

15. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

16. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

17. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccination caused petitioner to suffer TM or any other injury.

18. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

/
/
/
/
/
/
/
/
/
/

4

Respectfully submitted,

PETITIONER:

*[signature]*

LAURIE DART

ATTORNEY OF RECORD FOR
PETITIONER:

*[signature]*

for: DIANA L. STADELNIKAS SEDAR
MAGLIO, CHRISTOPHER & TOALE, PA
1605 Main Street, Suite 710
Sarasota, FL 34236
(941) 952-5242

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

*[signature]*

VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:

*[signature]*

A. MELISSA HOUSTON, M.D., M.P.H, FAAP
Director, Division of
Injury Compensation Programs
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

ATTORNEY OF RECORD FOR
RESPONDENT:

*[signature]*

ADRIANA TEITEL
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 616-3677

Dated: Nov. 12, 2015

5

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF THE SPECIAL MASTERS

LAURIE DART,

    Petitioner,

vs.                                        CASE NO. 15-92V
                                            Special Master Gowen

SECRETARY OF HEALTH AND HUMAN
SERVICES,

    Respondent.
_____/

## STIPULATION OF ATTORNEYS' FEES AND COSTS

1. Diana L. Stadelnikas-Sedar is counsel for Petitioner in this case.

2. Petitioner submitted a draft Application for Attorneys' Fees and Costs to Respondent's counsel.

3. During informal discussions, Respondent raised objections to certain items in Petitioner's draft application. Based on these discussions, Petitioners amended the Application for Attorneys' Fees and Costs to request reimbursement in the amount of $11,500.00. Respondent does not object.

4. Pursuant to General Order #9, Petitioner has not incurred any costs in pursuit of the claim.

5. The parties now request that a decision awarding the final attorneys' fees and costs in the amount of $11,500.00, payable to Petitioner and Petitioner's counsel, Diana L. Stadelnikas-Sedar be issued.

6. Petitioner requests that the award for attorney's fees and costs be forwarded to Maglio Christopher & Toale, PA, 1605 Main Street, Suite 710, Sarasota Florida 34236.

7. Nothing in this Stipulation, including the amount set forth in paragraph 3, should be construed as an admission, concession, or waiver by either party as to any of the

matters raised by Petitioner's Application for Fees and Costs, including but not limited to the hourly rates requested.

Respectfully submitted:

| ATTORNEY FOR PETITIONER | ATTORNEY FOR RESPONDENT |
|---|---|
| /s/ Diana L. Stadelnikas Sedar, Esq. | /s/Adriana Ruth Teitel, Esq. |
| Diana L. Stadelnikas Sedar, Esq. | Adriana Ruth Teitel, Esq. |
| Florida Bar Number   0949061 | Trial Attorney |
| **MAGLIO CHRISTOPHER & TOALE, PA** | Torts Branch, Civil Division |
| 1605 Main Street, Suite 710 | U.S. Department of Justice |
| Sarasota, FL  34236 | Post Office Box 146 |
| 888-952-5242 | Benjamin Franklin Station |
| fax: 877-952-5042 | Washington, D.C.  20044-0146 |
| Attorney for the Petitioner | Attorney for the Respondent |

Dated: November 16, 2015